**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4496**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

HASSAN SHABAZZ BERRY, a/k/a Dog,

    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:07-cr-00896-RBH-1)

Submitted:  March 27, 2009    Decided:  May 1, 2009

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James P. Rogers, Assistant Federal Public Defender, Aileen P. Clare, Research and Writing Specialist, Columbia, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hassan Shabazz Berry appeals his conviction and 168-month sentence, imposed following his guilty plea to possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a), (b)(1)(B) (2006). On appeal, Berry's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal, but questioning whether the district court erred in denying Berry's motion to suppress evidence, complied with Fed. R. Crim. P. 11 in accepting Berry's guilty plea, and imposed a reasonable sentence. Berry has also filed a pro se supplemental brief. Finding no error, we affirm.

First, with respect to the district court's denial of Berry's motion to suppress evidence, Berry's voluntary plea of guilty waived his right to challenge antecedent, nonjurisdictional errors. See Tollett v. Henderson, 411 U.S. 258, 267 (1973).[1]

Turning to Berry's guilty plea, in the absence of a motion to withdraw a guilty plea, we review the adequacy of the plea proceeding for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). A review of Berry's guilty plea

---

[1] Berry's guilty plea did not reserve the right to appeal the denial of the motion to suppress. See Fed. R. Crim. P. 11(a)(2).

hearing reveals that the district court fully complied with the requirements of Rule 11. Berry's plea was knowingly, voluntarily, and intelligently made, with full knowledge of its consequences. We therefore find that the district court did not err in accepting Berry's guilty plea.

Counsel also challenges the reasonableness of Berry's sentence. We review for abuse of discretion a district court's imposition of sentence. Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We must first ensure that the district court committed no procedural error, such as improperly calculating the guideline range, considering the guidelines to be mandatory, failing to consider the § 3553(a) factors, sentencing based on clearly erroneous facts, or failing to adequately explain the chosen sentence. Gall, 128 S. Ct. at 597.

In the absence of procedural errors, we consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances, including any variance from the guideline range. Pauley, 511 F.3d at 473. While we may presume a sentence within the guideline range to be reasonable, we may not presume a sentence outside the range to be unreasonable. Id. Moreover, we give deference to the district court's decision that the § 3553(a) factors justify a variant sentence and to the extent of that variance. Even if the

3

reviewing court would have imposed a different sentence, this fact alone is not sufficient to justify reversing the district court. Id. at 473-74.

In imposing Berry's sentence, the district court correctly calculated the guideline range and considered both the advisory nature of the guidelines and the § 3553(a) factors. The court provided appropriate reasoning for its decision to impose a variant sentence twenty months below the lowest sentence in the guideline range. Accordingly, we conclude that Berry's sentence is both procedurally and substantively reasonable.

In his pro se supplemental brief, Berry reiterates some of the issues presented by counsel. He also contends that the Government breached the plea agreement by failing to file a motion for substantial assistance, challenges his career offender status, and alleges that his trial counsel rendered ineffective assistance. Our review of the record leads us to conclude that these claims lack merit.[2]

---

[2] With respect to Berry's ineffective assistance of counsel claim, where, as here, the record does not conclusively demonstrate ineffective assistance, such claims should be raised in a 28 U.S.C.A. § 2255 (West Supp. 2008) motion rather than on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Berry's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>